**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GERARDO MOJICA-FABIAN, a/k/a
Gordo,

Defendant-Appellant.

No. 07-3006
(D.C. No. 06-CR-20062-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Defendant Gerardo Mojica-Fabian was charged by superseding indictment

and convicted by a jury of one count of conspiracy to distribute and possess with

intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and one

count of possession of methamphetamine with intent to distribute, in violation of

21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2. The jury found that

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Mojica-Fabian conspired to distribute or possess with intent to distribute more than 1500 grams of methamphetamine. R. Doc. 59, at 2. The district court adopted the presentence report in its entirety and sentenced Mr. Mojica-Fabian to 235 months' incarceration.

On appeal, Mr. Mojica-Fabian's counsel filed an *Anders* brief, stating that he "has examined the record for issues which might arguably support an appeal and finds . . . there are no issues presenting any basis for the vacating of the conviction, granting a new sentencing hearing or reduction of appellant's sentence." Aplt. Br. at 7. He moves to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). We received no response from Mr. Mojica-Fabian, and the government also declined to file a response. After independently reviewing the record, we agree that Mr. Mojica-Fabian has no legally non-frivolous issues to appeal either his conviction or his sentence. We therefore grant counsel's motion to withdraw and dismiss the appeal.

Background

On February 18, 2006, an Oklahoma state trooper conducting a radar sweep on Interstate 40 stopped a Toyota Highlander SUV for speeding. R., Vol. II at 67-68, 71, 100. The driver was Freddy Ramirez, and his girlfriend was with him. *Id.* at 21, 68. In keeping with standard practice, the trooper asked Mr. Ramirez to move to his patrol car. *Id.* at 72. The trooper noted

Mr. Ramirez's increasing nervousness and anxiety. *Id.* at 72-73, 75. The trooper was also skeptical of Mr. Ramirez's explanation that he had been traveling from Kansas City to California and back "in a very short period of time" in order to visit his sick aunt. *Id.* at 74-75. Based on the trooper's training that such circumstances indicate that a person may be in possession of illegal substances, the trooper asked Mr. Ramirez if he could search his vehicle. *Id.* at 73-74, 76. Mr. Ramirez consented, and the trooper found six cellophane-wrapped bundles in the spare tire. *Id.* at 69-70. The trooper placed Mr. Ramirez under arrest. *Id.* at 70. The contents were field-tested and later confirmed by laboratory tests to be 563.6 grams of methamphetamine. *Id.* at 70-71, 172-75, 182. Mr. Ramirez agreed to cooperate with law enforcement in conducting a controlled delivery. *Id.* at 79. The trooper turned the Highlander and its occupants over to a special agent of the Drug Enforcement Administration (DEA), and they were transported to Kansas City, Mr. Ramirez's original destination. *Id.* at 74, 78-80.

The next day, DEA agents recorded Mr. Ramirez while he placed two telephone calls to Mr. Mojica-Fabian (who is nicknamed "Gordo"). *Id.* at 6-7, 14, 16, 141-43. A controlled delivery was set up to occur at the Latino Market in Overland Park, Kansas, and the Highlander, Mr. Ramirez, and his girlfriend were transported to that location. *Id.* at 19. Mr. Ramirez, his girlfriend, and one bundle of the drugs were placed in the Highlander (which was disabled), and the occupants were kept under surveillance. *Id.* at 19-21, 88-89. A maroon Plymouth

Voyager van drove up shortly after noon. *Id.* at 89-90. The van parked near Mr. Ramirez's vehicle, and two Hispanic men got out and approached the rear of the Highlander. *Id.* at 90.

Mr. Mojica-Fabian was identified as the driver of the van. *Id.* at 90-91. Mr. Ramirez got out of the Highlander and gave the key to Mr. Mojica-Fabian, who then got in the Highlander. *Id.* at 91. Mr. Ramirez's girlfriend also got out of the Highlander, and she and Mr. Ramirez walked away. *Id.* The other Hispanic man started to leave in the van but was stopped by law enforcement. *Id.* at 92. Mr. Mojica-Fabian was also arrested and was charged as indicated above. *Id.* at 92-93, 100.

Mr. Ramirez testified that he made the February 2006 trip at the direction of Mr. Mojica-Fabian's brother, a man known as "Pancho," and was to be paid $5000. *Id.* at 130-31, 133. He said that Mr. Mojica-Fabian brought him a package beforehand to give to Pancho in California. *Id.* at 134-35. He said that Pancho had paid him for two other drug runs to California, in May and November 2005. *Id.* at 54-55, 133, 152-53. The presentence report provided further details of Mr. Mojica-Fabian's involvement with Mr. Ramirez's three trips.

<u>Analysis</u>

Pursuant to the Supreme Court's decision in *Anders*, a court-appointed defense counsel may "request permission to withdraw [from an appeal] where

counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

In his *Anders* brief, counsel indicated that this appeal would conceivably be meritorious only if the conviction should be vacated, a new sentencing hearing should be granted, or Mr. Mojica-Fabian's sentence should be reduced.

## Conviction

Counsel submitted the trial transcript, which we have independently reviewed.

> In evaluating whether the evidence is sufficient to support the jury's verdict, we review the record de novo and ask only whether, taking the evidence-both direct and circumstantial, together with the reasonable inferences to be drawn therefrom-in the light most favorable to the government, a reasonable jury could find [Mr. Mojica-Fabian] guilty beyond a reasonable doubt. We evaluate the sufficiency of the evidence by considering the collective inferences to be drawn from the evidence as a whole.

*United States v. Ramirez*, 479 F.3d 1229, 1249-50 (10th Cir. 2007) (quotations and citations omitted), *cert. denied*, 2008 WL 114113 (U.S. Jan. 14, 2008) (No. 07-7189).

The jury verdict is amply supported by the evidence, as summarized above. We find no non-frivolous grounds for appeal as to Mr. Mojica-Fabian's conviction on either count.

<u>Sentence</u>

Counsel submitted all of the materials relevant to Mr. Mojica-Fabian's sentencing, and we have independently reviewed them. We review a criminal sentence under an abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). "We will set aside [a] sentence only if it is procedurally or substantively unreasonable in light of the statutory factors contained in 18 U.S.C. § 3553(a)." *United States v. Geiner*, 498 F.3d 1104, 1107 (10th Cir. 2007). A sentence falling within a properly calculated guideline range is presumptively reasonable. *Id.*

The district court determined, consistent with the presentence report, that Mr. Mojica-Fabian's total offense level was 38 with a criminal history of one, "which produces under the advisory guidelines a range of 235 to 293 months . . . ." R., Vol. III at 14. The court thoroughly explained the reasons for its decision not to reduce Mr. Mojica-Fabian's total offense level on the ground

that he was a minor participant, as argued by his counsel, *see id.* at 8-12, and to sentence appellant at the low end of the guideline range the court determined to be applicable, *see id.* at 14-21. The court acknowledged that the guidelines are advisory, but noted in particular the harmfulness of methamphetamine and Mr. Mojica-Fabian's lack of contrition or acceptance of responsibility for his actions. *Id.* at 16-17. The court exercised its discretion not to depart downward from the guideline range, concluding that its sentence of 235 months' incarceration—

> would reflect the seriousness of the offense, promote respect for the law, and provide just punishment as set forth in 18 U.S.C. Section 3553(a) (2) (A), and the length of the sentence should afford adequate deterrence and protect the public from further crimes of the defendant in accordance with the provisions of 18 U.S.C. Section 3553(a) (2) (B) and (C).

R., Vol. III at 19. We find no non-frivolous grounds for appeal as to the reasonableness of Mr. Mojica-Fabian's sentence.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court


Stephen H. Anderson
Circuit Judge